UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BERNARD BERT TAYLOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) Docket no. 1:16-cv-298-GZS |
| v. | )              1:02-cr-42-GZS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER GRANTING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255**

Before the Court is Petitioner Bernard Taylor's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 24 in 1:02-cr-42-GZS). For reasons briefly explained herein, the Motion is GRANTED.

On February 12, 2003, this Court sentenced Bernard Bert Taylor to 300 months incarceration on Count One (felon in possession) and 300 months concurrent on Count Two (felon in possession). (Judgment (ECF No. 22)). This sentence reflected the Court's determination that Taylor was subject to sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Specifically, the Court relied on the following prior felony convictions in sentencing Taylor under ACCA: (1) a 1989 Maine Robbery conviction (PSR ¶ 26); (2) a 1989 Maine conviction for Gross Sexual Misconduct in violation of 17-A M.R.S.A. § 253 (PSR ¶ 27); (3) a 1994 Maine conviction for Aggravated Assault (PSR ¶ 28) and (4) a 2002 Maine conviction for Aggravated Assault (PSR ¶ 31).[1] Following the Supreme Court's decision in Johnson v. United

---

[1] The Court notes that the 2002 Aggravated Assault conviction, which arises from events that occurred on November 18, 2001, was not listed as one of the ACCA-qualifying convictions in the PSR, but the conduct was used to further enhance Taylor's sentence because he had "used or possessed" the firearm charged in Count One in connection with this Aggravated Assault. See PSR ¶ 19.

States, 135 S. Ct. 2551 (2015), Taylor now argues that he no longer has the three requisite convictions for the fifteen year mandatory minimum sentence under ACCA. See also Welch v. United States, 136 S. Ct. 1257, 1265 (2016). Rather, he initially argues that his Maine Robbery conviction and his two Aggravated Assault convictions are no longer ACCA-qualifying convictions.

With respect to Taylor's robbery conviction, the August 4, 1988 Indictment charged that Taylor "did intentionally use physical force or threaten the use of physical force to overcome the resistance" of the victim in a violation of 17-A M.R.S.A. § 651. (See Ex. 1 (ECF No. 24-1).) Following the reasoning laid out by this Court in Jackson v. United States, No. 2:06-CR-94-GZS, 2016 WL 3167073 (D. Me. June 6, 2016), this conviction is not an ACCA-qualifying conviction as a "violent felony" under the "force clause."[2] See id. at *3 (explaining that Maine law "allows for an 'ordinary case' in which a person was convicted of violating 17-A M.R.S.A. § 651(1)(C) by committing a robbery with physical force that is less than the force capable of causing physical pain or injury to another person").

Turning to Taylor's aggravated assault convictions, this Court has already held that Maine's aggravated assault statute "cannot categorically satisfy the force clause such that all Maine convictions for aggravated assault qualify as violent felonies under ACCA." Bennett v. United States, No. 1:16-CV-251-GZS, 2016 WL 3676145, at *2-*4 (D. Me. July 6, 2016). Applying this holding to Taylor's convictions, the Government acknowledges that the aggravated assault convictions no longer categorically qualify as violent felonies under ACCA.[3] (See Gov't

---

[2] The Court recognizes that the Government "maintains and preserves its objection" to this Court's Jackson decision, which is currently on appeal. See Gov't Response (ECF No. 35) at 6.

[3] The Court recognizes that the Government "maintains and preserves its objection" to this Court's Bennett decision, which is currently on appeal. See Gov't Response (ECF No. 35) at 9.

Response (ECF No. 35) at 8.)  None of the <u>Shepard</u>-approved documents provided to the Court that relate to the 1994 Aggravated Assault conviction allow this Court to find the requisite mens rea or level of physical force for the conviction to qualify as a violent felony under 18 U.S.C. § 924(e)(2)(B).  (<u>See</u> Ex. 2 (ECF No. 24-2).)  With respect to the 2002 Aggravated Assault conviction, the Court acknowledges that the plea colloquy transcript provided by the Government (ECF No. 35-2) presents evidence that Taylor's aggravated assault was intentional and might well fall within the force clause.  Nonetheless, the use of the modified categorical approach on the 2002 Aggravated Assault conviction still does not result in Taylor having three ACCA-qualifying convictions post-Johnson.

Given these rulings, the Court declines to address whether Defendant's 1989 Maine conviction for Gross Sexual Misconduct in violation of 17-A M.R.S.A. § 253 is an ACCA-qualifying conviction.  Rather, the Court agrees that this issue need only be resolved if it were to be determined that Taylor had at least two other ACCA-qualifying convictions.  (<u>See</u> Reply (ECF No. 36) at 1-2.)

Concluding that Taylor no longer qualifies for sentencing under the armed career criminal statute, the Court hereby GRANTS David Taylor's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 and ORDERS that Taylor be resentenced under 18 U.S.C. § 922(g)(1).

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 23rd day of August, 2016.